Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Kazerouni Law Group, APC
Abbas Kazerounian, Esq.  (SBN: 249203)
2700 North Main Street, Suite 1050
Santa Ana, CA 92866
Telephone:  (800) 400-6806

Attorneys for Rori Ridley
(Other attorneys on signature page)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Rori Ridley, Individually and on Behalf of All Others Similarly Situated,<br><br>                         Plaintiffs,<br>v.<br><br>Union Bank, N.A.<br><br>                         Defendant. | Case No: 11-CV-1773 DMS NLS<br><br>**Plaintiff's Opposition To Defendant's Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6)**<br><br>**Date: January 6, 2012**<br>**Time: 10:30 AM**<br><br>**Judge: Hon. Dana M. Sabraw** |
|---|---|

## I. INTRODUCTION

Defendant, Union Bank, is a wholly-owned subsidiary of The Bank of Tokyo-Mitsubishi UFJ, Ltd., which, in turn, is a subsidiary of the Mitsubishi UFJ Financial Group (MUFG).[1]  As part of its marketing and debt collection campaigns, Union Bank uses computer technologies to send unsolicited telephone  messages using an autodialer and using  prerecorded voice messages to its customers and non-customers alike on their cellular telephones.  In the process of doing so, Union Bank invades the privacy of those consumers and costs consumers significant sums of money.  These campaigns of  calling persons' cellular telephones without prior express consent invades those persons' privacy rights, and in addition costs consumers thousands, and perhaps millions, of dollars by causing those consumers to incur telephone charges that they would otherwise not incur.

In an effort to eliminate this type of abusive conduct, Congress passed the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") in 1991.  However, Union Bank ignores this law, claiming a right to do so under California state law.

Union Bank has filed a motion to dismiss the Plaintiff's lawsuit, claiming that because California state law allegedly allows  this type of conduct, Union Bank is somehow exempt from the federal TCPA.  That is simply not true and this motion should be denied for several reasons.

First, the courts have held that residents of California do in fact have the right to enforce the TCPA in this state.  Defendant has filed its Rule 12(b)(6) motion arguing California does not recognize the right to bring a TCPA action for the conduct alleged in the Complaint, but surprisingly has failed to even mention the leading case recognizing this right, *Kaufman v. ACS Systems, Inc.*, 110 Cal. App. 4th 886 (Cal. App. 2d Dist. 2003).  The many other cases cited by Defendant are irrelevant because they either precede *Kaufman*, or are based upon arguments about substantive rules while the clause at issue is about procedural rules.

---

[1] MUFG is one of the world's largest and most diversified financial groups.  In North America, MUFG provides, through Union Bank, and Mitsubishi UFJ Securities, a broad range of financing options centered on banking, syndicated loans, securitization, leases, structured finance, and other credit offerings.  In addition, MUFG also provides investment banking solutions, such as securities underwriting and trading, to address a diverse array of customer needs.

1    Second, Defendant seeks to bring what appears to be a summary judgment motion as it
2    argues from an evidentiary standpoint it has somehow complied with PUC § 2872(f) because the
3    Complaint alleges it has called its existing banking customer. It argues that should therefore end
4    the case. Def's Memo at 2, 11. But at best, whether Defendant complied with any such exemption
5    – regardless of the TCPA's application -- requires evidence of Defendant's conduct and is not the
6    proper subject of a Rule 12(b)(6) motion.  However, Defendant has in fact failed to advise the
7    Court that in order for that PUC § 2872(f) exemption to apply at all, Defendant was required to
8    also meet the requirements of PUC §§ 2873 or 2874 about obtaining the express consent of the
9    party called or, alternatively, a live person had to announce the call and ask Plaintiff for her
10   consent to be called, and it did not. Section 2873 allows such calls to be made only if the person
11   called provides prior express consent to be called[2] or if the calling party complied with § 2874.
12   Section 2874 requires that when such a call is made under § 2872(f), the "device may be operated
13   only after an unrecorded, natural voice announcement has been made to the person called by the
14   person calling" and requires the person calling to state who they are and the nature of the call, and
15   ask the person called if they consent to listening to the prerecorded message.  Thus, in any event,
16   Defendant is asking this Court to rule in its favor finding some kind of exemption from the TCPA
17   even when there is no evidence that it complied with the very statute it claims controls here.
18   There is no evidence on that issue one way or the other here.  Once that summary judgment
19   evidentiary stage is reached in the litigation, the evidence will require a different conclusion than
20   what Defendant claims occurred here. Thus, in any event, Defendant is asking this Court to rule
21   in its favor finding some kind of exemption from the TCPA even when there is no evidence that it
22   complied with the very statute it claims controls here.

23   **II.   LEGAL STANDARD**

24   A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests
25   the legal sufficiency of the claims in the complaint.  The court must accept as true all material
26   allegations in the complaint, as well as reasonable inferences to be drawn from them, and must

---

[2] PUC Section 2873 states: "Automatic dialing-announcing devices may be used to place calls over telephone lines only pursuant to a prior agreement between the persons involved, whereby the person called has agreed that he or she consents to receive such calls from the person calling, or as specified in Section 2874."

construe the complaint in the light most favorable to plaintiffs. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). To survive a motion to dismiss, however, a plaintiff must allege facts that are enough to raise his or her right to relief "above the speculative level." See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (2007). While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," and not simply conceivable. *Id.* at 1974; *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). The court looks not at whether the plaintiff "will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003).

In the Ninth Circuit, the Rule 12(b)(6) motion "'is viewed with disfavor and is rarely granted.'" *McDougal v. County of Imperial*, 942 F.2d 668, 676 n.7 (9th Cir. 1991) (quoting *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986)).

This Complaint is similar to the complaint in *Kazemi v. Payless Shoe Source*, 2010 WL 963225 (N.D. Cal. 2010) wherein the Defendant also brought a motion to dismiss. That case, however, was a text messaging case, but brought under the same TCPA statute, and a text message is treated as a "call" to a cellular telephone under the TCPA. [3] In *Kazemi,* the court found that by alleging he received text messages on his cell phone, Plaintiff sufficiently alleged a claim for relief under § 227(c) of the TCPA. *Id*. at *3. The court further held that Plaintiff sufficiently stated a cause of action by alleging that Defendant continued to send the text messages to Plaintiff after Plaintiff tried to stop the messages.

---

[3] *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 949 (9th Cir. Cal. 2009) ("Giving deference to the Federal Communication Commission ("FCC"), *see Chevron v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 843-44, 104 S. Ct. 2778, 81 L.Ed. 694 (1984), we hold that it is reasonable to interpret 'call' under the TCPA to include both voice calls and text messages.")

### III. ARGUMENT

#### A. THE TCPA IS THE RELEVANT AUTHORITY IN THIS MATTER.

##### 1. THE TCPA LANGUAGE IS PROCEDURAL, NOT SUBSTANTIVE.

Defendant's motion is specious in that it relies on the idea that the TCPA, a federal statute, is preempted by the state law it claims permits the wrongful conduct alleged here because Defendant called an existing customer. Defendant claims that is true because 47 U.S.C.S. § 227 (b)(3) states that a private right of action is available "only 'if otherwise permitted by the laws or rules of court of a State,,'"(Def's Memo at 7) and then claims California's Public Utilities Code § 2872(f) permits the wrongful conduct alleged here in Plaintiff's complaint – calling persons on their cell phones without prior express consent – because the Plaintiff was a Bank customer when called. The TCPA does not say "only," as the Defendant claims. See Def's Memo at p. 7.

The Defendant's argument that "Ridley's ability to bring an action for violation of the TCPA is subject to the *substantive* requirement that the action be one permitted under state law" is unsound. (Italics added) Def's Memo at 3. However, contrary to the Defendant's claim, the language relied on by the Defendant is *procedural*, not *substantive*. *Portuguese Am. Leadership Council of the United States, Inc. v. Investors' Alert, Inc.*, 956 A.2d 671 (D.C. 2008) ("First, we agree with the observation of the Maryland Court of Appeals that "[t]he phrase 'if otherwise permitted by the laws or rules of court of a state' certainly appears to refer to the neutral general jurisdictional and **procedural laws** and rules governing each state's court system." *R.A. Ponte Architects, Ltd. v. Investors' Alert, Inc.*, 382 Md. 689, 857 A.2d 1, 14 (Md. 2004)Such a reading comports with the presumed enforceability of federal law in state courts under the Supremacy Clause.") (Emphasis in original.)

The Ninth Circuit has also noted that a private right of action under the TCPA is available "if the state consents." *Murphey v. Lanier*, 204 F.3d 911, 914 (9th Cir. Cal. 2000), citing *International Science & Tech. Inst. v. Inacom Communs.*, 106 F.3d 1146 (4th Cir. Va. 1997). California has done just that.

In *Kaufman v. ACS Systems, Inc.*, 110 Cal. App. 4th 886 (Cal. App. 2d Dist. 2003), a case

involving the transmission of faxes in violation of the TCPA, the California Court of Appeal found that a private class action right of action is available in California under the TCPA, and the fact that the defendants complied with state California law on the same issue was of no consequence. "The clause in [the TCPA] 'if otherwise permitted by the laws or rules of court of a State' does not condition the substantive right to be free from unsolicited faxes on state approval." *Id.*, at 897. "Rather, the clause recognizes that states may refuse to exercise the jurisdiction authorized by the [TCPA]. Thus, a state could decide to prevent its courts from hearing private actions to enforce the TCPA's substantive rights…." *Id.* The purpose of this was to respect the states' judgments about when their courts are overburdened.

> [I]t is readily apparent from the congressional findings contained in the TCPA itself that Congress considered the effect that a newly created private right of action would have on judicial administration. Specifically finding that 18 million telemarketing calls are made daily…, Congress understandably avoided opening federal courts to the millions of potential private TCPA claims by authorizing private actions only in state courts, presumably in the small claims courts. Similarly concerned over the potential impact of private actions on the administration of state courts, Congress included a provision to allow the states to prohibit private TCPA actions in their courts. We have no doubt that Congress has a legitimate interest in not overburdening state and federal courts. Nor can it be doubted that Congress has a legitimate interest in respecting the states' judgments about when their courts are overburdened. With those interests in mind and recognizing that other enforcement mechanisms are available in the TCPA [,namely, enforcement by the FCC or state attorneys general], … Congress acted rationally in … allowing states to close [their courts] to the millions of private actions that could be filed if only a small portion of each year's 6.57 billion telemarketing transmissions were illegal under the TCPA.

*Kaufman v. ACS Systems, Inc.*, 110 Cal. App. 4th 886, 897 (Cal. App. 2d Dist. 2003).

In drafting the TCPA, Congress recognized that the exclusivity of state court jurisdiction could create a problem for states, so it left it up to those states to decide if it wanted to endure the burden of hearing TCPA private causes of action. "Congress avoided any constitutional issue by refusing to coerce states to hear private TCPA actions, providing instead that a person or entity may, 'if otherwise permitted by the laws or rules of court of a State,' bring a TCPA action in an

appropriate court of that state." *Id*. "[S]tates have been given, subject to their consent, exclusive subject matter jurisdiction over private actions authorized by the Telephone Consumer Protection Act of 1991 …." *Id*.

The TCPA's private right of action puts the "teeth" in the TCPA. *Kaufman*, at 898. "Although … the statute does authorize states to bring actions on their citizens' behalf, the sheer number of calls made each day—more than 18,000,000—would make it impossible for government entities alone to completely or effectively supervise this activity." *Kaufman v. ACS Systems, Inc.*, 110 Cal. App. 4th at 898, citing *Erienet, Inc. v. Velocity Net, Inc.* (3d Cir. 1998) 156 F.3d 513, 515.)

"A person may file an action under the [TCPA], in state court as long as the state has not prohibited it." *Kaufman*, at 898. The *Kaufman* court makes it clear that California has not prohibited a private cause of action under the TCPA, and, in fact, embraces it. In the absence of a state statute declining to exercise the jurisdiction authorized by the [TCPA], a state court has jurisdiction over TCPA claims. *Id*. A suit may be brought unless a state does not otherwise permit such a suit. *Id*.

### 2. COMPLIANCE WITH A STATE LAW DOES NOT PRECLUDE VIOLATION OF THE FEDERAL LAW.

Even if the Defendant has somehow complied with California Public Utilities Code § 2872, a disputed issue that cannot be resolved by this Rule 12(b)(6) motion, this does not insulate the Defendant from liability. Simply because a party complies with one law does not preclude it from violating another. The case law interpreting the TCPA does not stand for the proposition that adhering to a state statute provides permission to violate a federal statute, as discussed in *Kaufman, supra*. . There, like here, the Defendant also argued that it had complied with the existing state law which conflicted with the TCPA's more restrictive terms. The *Kaufman* court rejected that argument, stating the TCPA controls:

> Thus, assuming for the sake of discussion that defendants have always complied with section 17538.4, they are not thereby rendered immune

> under the TCPA. In [*Hooters of Augusta, Inc. v. Nicholson* (2000) 245 Ga.App. 363] at pages 365–366 [537 S.E.2d at page 471], *Texas v. American Blastfax, Inc.* (W.D.Tex. 2000) 121 F. Supp. 2d 1085 at page 1089, and *Van Bergen v. State of Minn.* (8th Cir. 1995) 59 F.3d 1541 at page 1548, the courts held that the defendants had to comply with the TCPA regardless of the applicability of state statutes governing unsolicited fax advertisements.

*Kaufman*, 110 Cal. App. 4th at 905.

The Kaufman court continued, "Further, as one court has noted, the case law interpreting the TCPA 'does not stand for the proposition that a state statute can give permission to violate a federal statute.' [Citation.]" *Kaufman, supra*, 110 Cal.App.4th at p. 905. Thus, even if California has some state statute that is similar to the the TCPA, that state statute cannot give permission to violate a federal statute. *Id.*, 905, *citing Minn. v. Sunbelt Communs. & Mktg.* (U.S.Dist. Ct., D.Minn., Sept. 30, 2002, Civ. No. 02-CV-770 (JEL/JGL) 2002 U.S.Dist. LEXIS 18990, p.*23.

The FCC agrees with this analysis: "[T]he applicability of state law is not relevant to questions of compliance with federal law here. Regardless of what state law does or does not require, [the fax advertiser] had an independent obligation to comply with the TCPA and the Commission's associated rules." *Kaufman*, 110 Cal. App. 4th at 905, citing *In the Matter of US Notary, Inc*. (2001) 16 F.C.C.R. 18398 [2001 F.C.C. LEXIS 5477] at p. 18402 [2001 F.C.C. LEXIS 5477 at p.**14] .) "And "[t]he FCC is due substantial deference in its implementation of the … Act, and 'even greater deference' when interpreting its own rules and regulations." Id., citing (*Global NAPs, Inc. v. F.C.C.* (D.C. Cir. 2001) 345 U.S. App. D.C. 390 [247 F.3d 252, 257–258].)"

Thus, the applicability of state law is simply not relevant to questions of compliance with federal law, especially when the statutes do not conflict, as here. Regardless of what state law does or does not require, the Defendant has an independent obligation to comply with the TCPA and the Federal Communication Commission's (FCC) associated rules, and the FCC is due substantial deference in its implementation of the TCPA, and even greater deference when interpreting its own rules and regulations.

**B.   CAL. PUB UTIL CODE § 2872 IS IMMATERIAL IN THIS MATTER.**

1    Defendant cites Cal. Pub Util Code § 2872(f) as standing for the proposition that the Defendant was legally entitled to conduct itself in the manner that is alleged by the Plaintiff. However, while it is questionable whether Cal. Pub Util Code § 2872 even applies to the conduct alleged here, it makes no difference as, even if it did, § 2872(f) is an *exception* that merely provides that certain persons are not subject to Cal. Pub Util Code § 2872, not the TCPA.

Furthermore, as set forth above, in order to comply with PUC § 2872(f), a person or entity must comply with either PUC § 2873 by obtaining prior express consent to call such person (see fn 2), or by complying with PUC § 2874 using a live person to announce a prerecorded voice message, stating the nature of the call and asking if the recipient would consent to hearing the call.  See PUC §§ 2873 and 2874; *Bland v. Fessler*, 88 F.2d 729, 733 (1996) ("The statute [PUC § 2872] forbids the use of ADADs unless preceded by a live operator who identifies the calling party and obtains the called party's consent to listen to the prerecorded message. Cal. Pub. Util.Code § 2874(a).")   In fact, Defendant is simply wrong when it uses *Bland v. Fessler*, supra, to argue that consent is implied in this relationship with its customers.  Def's Memo at 10.  As the statute clearly states, there are strict express consent requirements of PUC §§ 2873 and 2874 that accompany any exemption under § 2872(f). Defendant simply cannot expect this Court to ignore those statutory provisions.

The Defendant claims, in effect, that because Cal. Pub Util Code § 2872 (b)'s prohibition against the general use of autodialers does not apply to the Defendant because it is exempt under § 2872(f)'s exemption when it makes calls to bank customer Plaintiff,  the federal TCPA also somehow does not apply to Defendant.  Even if the Court were to ignore the federal preemption issues outlined above, the Defendant's interpretation is a *non sequitur*.

Section 2872(f) does not authorize, excuse, justify or *permit* anything under the TCPA; it merely provides a situation wherein persons or entities using an autodialer  to which Cal. Pub Util Code § 2872(b)'s own internal prohibition does not apply.  Cal. Pub Util Code § 2872(f) states, *in its entirety*:

This article does not apply to any automatic dialing-announcing device

that is not used to randomly or sequentially dial telephone numbers but that is used solely to transmit a message to an established business associate, customer, or other person having an established relationship with the person using the automatic dialing-announcing device to transmit the message, or to any call generated at the request of the recipient.

Cal. Pub Util Code § 2872(f).

This means that even if the Court were to give the Defendant every benefit of every doubt, Cal. Pub Util Code § 2872 does not apply in this case. However, even if that is correct, the Defendant cannot then argue that this exception to § 2872(f) provides an exception to the TCPA.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss Plaintiff's Complaint.

**Hyde & Swigart**

Date: December 21, 2011                By: s/ Robert L. Hyde
                                           Robert L. Hyde
                                           Attorneys for Plaintiffs

                                           Law Offices Of Douglas J. Campion

Date: December 21, 2011                By: /s/ Douglas J. Campion
                                           Douglas J. Campion (SBN 75381)
                                           409 Camino Del Rio South, Suite 303
                                           San Diego, CA 92108
                                           Telephone: (619) 299-2091

                                           Attorneys for Plaintiff Rori Ridley and the Putative Class