# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY RIDLEY, | CASE NO. 11cv1773 DMS (NLS) |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| UNION BANK, N.A., | |
| Defendant. | |

Plaintiff brought this putative class action for invasion of privacy under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"). Defendant Union Bank, N.A. filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which Plaintiff opposed. For the reasons which follow, Defendant's motion is **DENIED**.

Plaintiff alleges a third party, Adelman Enterprises, Inc. ("Adelman"), took out a loan with Defendant, on which it defaulted. Plaintiff had personal savings and checking accounts with Defendant, which were not related to the Adelman loan. On or about June 7, 2011, Defendant contacted Plaintiff on her mobile phone via an automatic telephone dialing system using a pre-recorded or artificial voice. The call was in relation to the Adelman loan, and Plaintiff incurred an incoming call charge for receiving it. Plaintiff had not provided Defendant her mobile phone number or consent to use it in connection with the Adelman loan. She seeks statutory damages and injunctive relief for Defendant's alleged TCPA violations.

1    Defendant filed a motion to dismiss for failure to state a claim under the TCPA. A Rule
2 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732
3 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer*
4 *v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks
5 and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes
6 a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may
7 be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that
8 theory. *Robertson v. Dean Witter Reynolds, Inc.*,749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*,
9 622 F.3d at 1041. Defendant's motion is based on the former ground.

10   Defendant argues Plaintiff has no private right of action under the TCPA for the alleged
11 violations, and therefore cannot state a claim. The TCPA provides, in pertinent part, that a person may
12 bring a private right of action "if otherwise permitted by the laws ... of a State ...." 47 U.S.C.
13 227(b)(3).[1] Under section 227(b)(3), private actions may be litigated in state court only if the state
14 consents. *Murphey v. Lanier,* 204 F.3d 911, 914 (9th Cir. 2000). In California, consent to private
15 enforcement actions under the TCPA "does not require any affirmative conduct on the part of the state
16 legislature, nor enactment of court rules. [A] person may file a TCPA action in state court as long as
17 the state has not prohibited it." *Kaufman v. ACS Sys., Inc.*, 110 Cal. App. 4th 886, 898 (2003). The
18 California Legislature has not prohibited private TCPA actions, *id*. at 890, and Defendant does not
19 argue to the contrary (*see* Reply at 2).

20   Rather, Defendant argues "that where state law does not permit a private right of action for
21 particular conduct, neither does the TCPA." (Reply at 7 n.3.) Defendant points to California Public
22 Utilities Code ("PUC") § 2872, which prohibits any person from "operat[ing] an automatic
23 dialing-announcing device except in accordance with this article[,]" but which arguably exempts
24 Defendant's alleged conduct for automatically dialing one of its own customers. Section 2872(f),
25 provides:

---

[1] Because the TCPA does not itself provide federal question jurisdiction, *Murphey v. Lanier*, 204 F.3d 911 (9th Cir. 2000), subject matter jurisdiction over this action is based on the minimum diversity requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), rather than federal question. Defendant does not contend this action should be dismissed for lack of subject matter jurisdiction.

> *This article does not apply to* any automatic dialing-announcing device that is not used to randomly or sequentially dial telephone numbers but that is used solely to transmit a message to *an established . . . customer*, or other person having an established relationship with the person using the automatic dialing-announcing device to transmit the message, or to any call generated at the request of the recipient.

PUC § 2872(f) (emphasis added). Because it is undisputed Plaintiff is Defendant's customer, Defendant argues its conduct is exempt from liability under the PUC, and thus from liability under the TCPA.

Assuming, without deciding, that Defendant's conduct is exempt from liability under the PUC, Defendant provides no authority for the proposition that exemption from liability under state law provides a correlative exemption under the TCPA. The cases upon which Defendant relies, *Bonime v. Avaya, Inc.*, 547 F.3d 497 (2nd Cir. 2008); *Holster v. Gatco, Inc.*, 618 F.3d 214 (2nd Cir. 2010) and *U.S. Fax Law Center, Inc. v. iHire, Inc.*, 476 F.3d 1112 (10th Cir. 2007), are distinguishable. *Bonime* and *Holster* hold that state class action law controls whether a TCPA claim may be brought as a class action, and *iHire* holds that state law governs standing to bring a TCPA claim, specifically, whether assignment of a claim confers standing on the assignee. Consistent with the TCPA's private right of action provision, these cases simply addressed when and how a party may bring a TCPA action, and not whether the plaintiffs had a private right of action under the TCPA. None of the cases cited by Defendant addresses the issue presented here, that is, whether a state statute exempting conduct from liability trumps liability for the same conduct under the TCPA. Normally this would be treated as a preemption issue. While the TCPA contains a preemption provision, 47 U.S.C. §227(f), the Court declines to address this issue as neither party raised or briefed it.

Plaintiff relies on the California Court of Appeal decision in *Kaufman* to address the interplay between state and federal law under the TCPA. Much like Defendant in this case, the defendants in *Kaufman* argued their conduct, which consisted of sending unsolicited facsimile transmissions, complied with California Business and Professions Code § 17538.4, and therefore was exempt from liability under the TCPA. *See* 110 Cal. App. 4th at 904. The court rejected the argument based on an exhaustive review of legislative history. *See id.* at 899-905. The court also noted that compliance with one statute does not necessarily immunize a litigant from liability under another. *Id*. at 905.

Defendant argues that PUC § 2872(f) has "remained on the books" since the enactment of the TCPA (Reply at 8-9), and this continuing exemption from liability under California law suggests that Plaintiff cannot state a claim under California law or the TCPA.  The TCPA was enacted in 1991 and the Federal Communications Commission thereafter passed the pertinent regulations in 1992. Notably, section 17538.4, at issue in *Kaufman*, was not repealed until 2002. *Kaufman*, 110 Cal. App. 4th at 903, 904.  The *Kaufman* defendants claimed that when the Legislature amended section 17538.4 in 1998 to prohibit unsolicited email advertisements, it left intact the provisions relating to unsolicited facsimile transmissions.  *Id*. at 904.  They argued this showed that the Legislature intended California law to trump the TCPA with respect to unsolicited facsimile transmissions until the California law was finally repealed in 2002.  *Id*.  The *Kaufman* court rejected this argument.  *Id*. at 904-05.  Like PUC § 2872(f), Cal. Bus. & Prof. Code § 17538.4 remained on the books long after enactment of the TCPA; but this was not determinative of whether compliance with California law precluded liability under the TCPA.  110 Cal.App.4th at 905 ("Thus assuming for the sake of discussion that defendants have always complied with section 17538.4, they are not thereby rendered immune under the TCPA."). So it is here.  Accordingly, Defendant's argument is rejected.

For the foregoing reasons, Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 17, 2012

_____

HON. DANA M. SABRAW
United States District Judge